UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1435 PA (KSx) | Date | October 26, 2018 |
|---|---|---|---|
| Title | David Zindel v. Fox Searchlight Pictures, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court are a Motion for Attorneys' Fees and Costs filed by defendants Fox Searchlight Pictures, Inc.; Twentieth Century Fox Film Corporation; TSG Entertainment Finance LLC; Guillermo del Toro; and Daniel Kraus (collectively, "Film Defendants") (Docket No. 71) and a Motion for Attorneys' Fees filed by Macmillan Publishing Group, LLC ("Macmillian," and with Film Defendants, "Defendants") (Docket No. 70). Plaintiff David Zindel ("Plaintiff") has filed oppositions to both motions (Docket Nos. 74, 75), and Defendants have filed replies (Docket Nos. 79, 80). The Court previously vacated hearings on the motions. (Docket No. 82.) See Fed. R. Civ. P. 78; L.R. 7-15.

**I.      Background**

Plaintiff brought this action alleging infringement of copyrights in the play Let Me Hear You Whisper (the "Play") by Defendants' film The Shape of Water (the "Film") and novelization of that film (the "Book").

The Play follows a woman named Helen as she begins working as a janitorial employee at a private research laboratory where researchers are attempting to communicate with a dolphin. The dolphin chooses to speak only to Helen, and it eventually persuades her to help it escape after she learns that it will be killed. Helen is caught in the act, the escape fails, and Helen is fired. Helen encourages the dolphin to speak to others, prompting the dolphin to say the word "love" for all to hear. Helen leaves, and the dolphin remains in the laboratory.

The Film follows Elisa, a mute janitorial employee at a large, secure government laboratory into which a unique, humanoid, amphibious creature is brought for testing. Elisa develops a relationship with the creature, and she decides to smuggle it out of the facility after learning that it will be killed. With the help of some of her friends and a scientist at the laboratory, Elisa's plan succeeds. Elisa brings the creature to her home and keeps it in her bathtub for a few days until she can release it into the ocean. During this time, Elisa's relationship with the creature becomes sexual. Meanwhile, Strickland, who had overseen experimentation on the creature, attempts to track it down. Strickland uncovers what Elisa did, and confronts her and her friend Giles just as they are about to release the creature into the ocean. Strickland shoots the creature and Elisa, but the creature recovers and kills Strickland. The creature then

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1435 PA (KSx) | Date | October 26, 2018 |
|---|---|---|---|
| Title | David Zindel v. Fox Searchlight Pictures, Inc., et al. | | |

takes Elisa into the water, where it revives her from her gunshot wound and causes scars on her neck to open into gills. It is implied that the two will live happily ever after. The Film also contains numerous subplots, including Russian agents trying to steal or kill the creature; Strickland's increasingly detached and violent behavior both at work and in his personal life; Giles's lack of success selling his art; and Giles's failed courtship of a waiter at a local diner. The Book tells the same story as the Film, but the Book includes additional scenes, locations, character arcs, and backstories that are not in the Film.

Plaintiff filed his complaint on February 21, 2018, asserting claims of direct, contributory, and vicarious copyright infringement. (Docket No. 1.) On May 7, 2018, Film Defendants and Macmillan filed motions to dismiss the complaint. (Docket Nos. 29, 31.) The Court granted both motions on July 23, 2018, concluding that the Film and Book are not substantially similar to the Play. (Docket No. 59.) The Court entered judgment in favor of Defendants and dismissed Plaintiff's claims with prejudice. (Docket No. 60.) Defendants filed their motions for attorneys' fees on October 1, 2018.

**II.    Legal Standard**

Under the Copyright Act of 1976, a district court may in its discretion award "a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. The propriety of awarding attorneys' fees first turns on whether the requesting party in fact prevailed on the copyright claim, as a district court's discretion to award attorneys' fees under the Copyright Act is only triggered once there is a "prevailing" party. Cadkin v. Loose, 569 F.3d 1142, 1147 (9th Cir. 2009). To be a "prevailing" party, a litigant must obtain a "material alteration of the legal relationship of the parties." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001) (quoting Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792, 109 S .Ct. 1486, 103 L. Ed. 2d 866 (1989)); see Cadkin, 569 F.3d at 1149.

No precise formula governs whether a court should exercise its discretion to grant attorneys' fees to the prevailing party. See Fogerty v. Fantasy, Inc., 510 U.S. 517, 534, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). Rather, "§ 505 grants courts wide latitude to award attorney's fees based on the totality of circumstances in a case." Kirtsaeng v. John Wiley & Sons, Inc., __ U.S. __, 136 S. Ct. 1979, 1985, 195 L. Ed. 2d 368 (2016). The Supreme Court has approved a nonexclusive list of factors to consider, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Fogerty, 510 U.S. at 534 n.19. (quoting Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d Cir. 1986); see Shame On You Prods., Inc. v. Banks, 893 F.3d 661, 666 (9th Cir. 2018). A court should give substantial weight to the reasonableness of the losing party's litigating position but must also take into account the other relevant factors. Kirtsaeng, 136 S. Ct. at 1983, 1988-89. In applying these factors, the Court must remain "faithful to the purposes of the Copyright Act," which was intended to discourage infringement and enrich the public through access to creative works. Fogerty, 510 U.S. at 526-27, 534 n.19; see Kirtsaeng, 136 S. Ct. at 1989.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1435 PA (KSx) | Date | October 26, 2018 |
|---|---|---|---|
| Title | David Zindel v. Fox Searchlight Pictures, Inc., et al. | | |

**III.    Discussion**

Defendants are "prevailing parties" under the Copyright Act.  See e.g., Cadkin, 569 F.3d at 1150 ("[A] defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court.").  The Court thus considers whether it should exercise its discretion to award attorneys' fees to Defendants.

**A.    Defendants' Degree Of Success**

The Court agreed with Defendants that the Film and Book are not substantially similar to the Play, and it dismissed Plaintiffs' claims with prejudice.  Defendants' success on their motions to dismiss weighs in favor of awarding attorneys' fees.  See Hall v. Swift, No. CV 17-6882-MWF (ASx), 2018 WL 3203045, at *4-5 (C.D. Cal. Apr. 16, 2018); see also DuckHole Inc. v. NBCUniversal Media LLC, No. CV-12-10077-BRO, 2013 WL 5797204, at *4 (C.D. Cal. Oct. 25, 2013) ("This factor weighs more in favor of a party who prevailed on the merits, rather than on a technical defense."  (citing Fantasy, Inc. v. Fogerty, 94 F.3d 553, 559 (9th Cir. 1996))).

**B.    Frivolousness Of Plaintiff's Claims And Reasonableness Of Plaintiff's Arguments**

Courts often address the frivolousness and reasonableness factors together, e.g., Hall, 2018 WL 3203045, at *3-4, although "[t]he standard for frivolousness appears to be 'somewhat' higher than the standard for objective reasonableness," King v. IM Global, No. CV 15-09646 SJO (AGRx), 2017 WL 2620695, at *3 (C.D. Cal. Jan. 25, 2017) (quoting Epikhin v. Game Insight N. Am., No. 14-CV-04383-LHK, 2016 WL 1258690, at *6 (N.D. Cal. Mar. 31, 2016)).  "A claim is frivolous when it is clearly baseless, involving fantastic or delusional scenarios.  Stated differently, a case is deemed frivolous only when the result is obvious or the arguments are wholly without merit.  A claim is not frivolous merely because it is unsuccessful."  Id. at *3 (citations and internal quotation marks omitted).  Thus, "[t]he fact that a defendant has successfully moved to dismiss a plaintiff's copyright infringement complaint does not alone render that claim frivolous or objectively unreasonable."  Hall, 2018 WL 3203045, at *3 (citing Perfect 10, Inc. v. Giganews, Inc., No. CV 11-07098-AB (SHx), 2015 WL 1746484, at *8 (C.D. Cal. Mar. 24, 2015), aff'd, 847 F.3d 657 (9th Cir. 2017); ZilYen, Inc. v. Rubber Mfrs. Ass'n, 958 F. Supp. 2d 215, 220 (D.D.C. 2013)).

Defendants contend that Plaintiff's claims were frivolous and unreasonable because it was clear that Defendants' works lacked any similarities to the Play in their protectable elements.  (Macmillan's Mem. P. & A. at 2, 7-8, Docket No. 70; Film Defs.' Mem. P. & A. at 1, 5-10, Docket No. 71-1; see also Film Defs.' Reply at 7-8.)  Macmillan notes that the complaint failed to identify specific similarities between the Play and the Book, as distinct from the Film.  (Macmillan's Mem. P. & A. at 7.)  Plaintiff counters that his claims were colorable, in part because ruling on Defendants' motions to dismiss required the Court had to address an unsettled area of law concerning how to address a work's unprotected elements.  (Opp'n to Film Defs.' Mot. at 1-5, 6, 11-14; Opp'n to Macmillan's Mot. at 1-2, 4-6, 13-16.)  Plaintiff also argues that the reasonableness of his claims is supported by the reactions of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1435 PA (KSx) | Date | October 26, 2018 |
|---|---|---|---|
| Title | David Zindel v. Fox Searchlight Pictures, Inc., et al. | | |

various individuals who remarked on similarities the Film bore to the Play. (Opp'n to Film Defs.' Mot. at 1, 3-4, 11, 14; Opp'n to Macmillan's Mot. at 1-2, 3-4, 15-16; see Zindel Decl. ¶¶ 4-5, 8, Docket No. 77; Zindel Decl. Exs. 1-5, Docket Nos. 77-1 to 77-5.) In their replies, Defendants argue that Plaintiff improperly focuses on his alleged lack of moral culpability rather than the objective reasonableness of his claims, and they dispute that reasonableness is supported by anonymous online comments cited by Plaintiff. (Macmillan's Reply at 2-3, 5; Film Defs.' Reply at 1, 4-5, 9-10.)

The Court does not agree with Plaintiff that Defendants' motions to dismiss required the Court to confront an unsettled area of copyright law. Pursuant to Ninth Circuit precedent, the Court applied the extrinsic test for substantial similarity, assessing the objective similarities of the works, and concluded that the Play primarily shared only nonprotectable elements with the Film and Book. (Docket No. 59 at 7-16.) See Rentmeester v. Nike, Inc., 883 F.3d 1111, 1118-19 (9th Cir. 2018); Cavalier v. Random House, Inc., 297 F.3d 815, 822-23 (9th Cir. 2002). The Court considered, but rejected, Plaintiff's argument that a sufficient number of similar nonprotectable elements could support his infringement claims, holding that rule did not apply here. (Docket No. 59 at 16.) See Bernal v. Paradigm Talent & Literary Agency, 788 F. Supp. 2d 1043, 1067-69 (C.D. Cal. 2010).

Plaintiff's reliance on some audience members' reactions to the Film also is not persuasive. Because the dismissal of the complaint was based on the Court's determination that the Film and Book were not objectively similar to the Play in their protectable elements, the subjective beliefs of third-party viewers (and of Plaintiff) are irrelevant. See Shame On You Prods., 893 F.3d at 667 ("Because [the extrinsic] test is objective, [the plaintiff's] subjective beliefs regarding its outcome are no more relevant to the reasonableness determination than a party's subjective belief regarding any other legal test.").

Nonetheless, although Plaintiff's arguments were not successful, "[d]eterminations about substantial similarity are rarely obvious." Pasillas v. McDonald's Corp., 927 F.2d 440, 444 (9th Cir. 1991) (ruling that plaintiff's arguments were not wholly meritless and denying attorneys' fees on appeal even though copyrighted and accused works shared only nonprotectable elements). And given that the Book was a novelization of the Film, it was reasonable for Plaintiff to make similar arguments about the Book as for the Film. The Court does not find that Plaintiff's arguments about the substantial similarity analysis were frivolous or unreasonable. See Segal v. Rogue Pictures, No. CV 10-5650 DSF (AJWx), 2012 WL 13005531, at *2 (C.D. Cal. July 12, 2012) ("Although the Court rejected Plaintiff's arguments because some of the similarities were based on generic elements, and some were based on inaccurate characterizations of the works, this does not establish that Plaintiff's claim had no arguable basis in the law. Indeed, dismissal of Plaintiff's claim required a relatively lengthy and detailed analysis.").

    **C.    Plaintiff's Motivation**

"Courts have held a plaintiff demonstrates bad faith when alleging [a] copyright claim to secure benefits other than merely addressing grievances." Brighton Collectibles, Inc. v. Pedre Watch Co., Inc., No. 11cv00637 AJB (WVG), 2014 WL 29008, at *4 (S.D. Cal. Jan. 2, 2014) (citing Maljack Prods., Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 889 (9th Cir. 1996)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1435 PA (KSx) | Date | October 26, 2018 |
|---|---|---|---|
| Title | David Zindel v. Fox Searchlight Pictures, Inc., et al. | | |

    Defendants argue that Plaintiff's bad faith is demonstrated by the fact that he sought a settlement and then filed this action shortly before the 2018 Academy Awards, at which the Film was nominated for numerous awards. (Macmillan's Mem. P. & A. at 8-9; Film Defs.' Mem. P. & A. at 1, 6-7; Film Defs.' Reply at 1, 6-7; see Zavin Decl. ¶ 6, Docket No. 72.) Macmillan adds that Plaintiff never approached it before filing suit, instead "hastily tacking [it] on . . . as a defendant after settlement talks broke down with Film Defendants." (Macmillan's Reply at 5-6; see Sleven Decl. ¶ 2, Docket No. 79-5.) Macmillan asserts that it was sued before the Book had been published and that Plaintiff did not thereafter attempt to amend his complaint to identify similarities between the Book and the Play until after Macmillan filed its motion to dismiss. (Macmillan's Mem. P. & A. at 9; see also Macmillan's Reply at 6.) Film Defendants also argue that "Plaintiff and his counsel also engaged in a publicity campaign that included unfounded statements made to numerous major publications." (Film Defs.' Mem. P. & A. at 6.)

    Plaintiff asserts that he brought this action in good faith to enforce copyrights in the Play, which he felt he was required to do as trustee of the trust that owns the copyrights. (Opp'n to Film Defs.' Mot. at 1-2, 8-9; Opp'n to Macmillan's Mot. at 1, 4, 9-12; see Zindel Decl. ¶¶ 5, 10.) According to Plaintiff, the timing of the lawsuit was the result of the Film's release in December 2017 and the breakdown of settlement negotiations during January and February 2018. (Opp'n to Film Defs.' Mot. at 1-4, 10-11; Opp'n to Macmillan's Mot. at 1, 3-5, 11-12; see Zindel Decl. ¶¶ 6-10; Toberoff Decl., Docket No. 78.) Plaintiff contends that it was reasonable to file suit against Macmillan before the publication of the Book because he learned that the Book, a novelization of the Film that would be written by the Film's director and co-producer, would be released imminently. (Opp'n to Macmillan's Mot. at 1, 10-11.)

    The Court is not persuaded by Defendants' arguments about the timing of this litigation. Plaintiff has credibly explained the events leading up to the case's filing, and it was reasonable for Plaintiff to assume that the Book would share any similarities to the Play that Plaintiff saw in the Film. Macmillan's argument about Plaintiff failing to amend his complaint is also unavailing: Defendants responded to the complaint with (ultimately successful) motions to dismiss that called for a comparison of the works themselves rather than an analysis of the complaint's allegations of similarity. Finally, Plaintiff's statements to the media simply reflect his confidence in his claims.

    Without more, the fact that Plaintiff attempted to reach a settlement with Film Defendants before filing his complaint does not weigh in favor of awarding Defendants attorneys' fees. See Hall, 2018 WL 3203045, at *5 (rejecting argument that plaintiff's motivation to coerce settlement weighed in favor of attorneys' fees, and noting that "many, if not most, defendants[] that have prevailed on a motion to dismiss could make the same argument"). This apparently is the first time that Plaintiff has sought to enforce a copyright in his father's works (see Zindel Decl. ¶ 2), further suggesting that Plaintiff simply believed his case was meritorious. On the record before it, the Court cannot conclude that Plaintiff brought or pursued this action in bad faith or with an improper motive. Rather, it appears that Plaintiff had a sincere but misguided belief in the merits of his claims. See Halicki Films, LLC v. Sanderson Sales & Mktg., 547 F.3d 1213, 1230-31 (9th Cir. 2008) (affirming denial of fees to prevailing defendants where, in addition to other factors, "Plaintiffs' motivation in bringing [their] claims was to protect an interest that they believed was theirs").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1435 PA (KSx) | Date | October 26, 2018 |
|---|---|---|---|
| Title | David Zindel v. Fox Searchlight Pictures, Inc., et al. | | |

### D.   Compensation, Deterrence, And The Purposes Of The Copyright Act

"The successful defense against [a] [p]laintiff's copyright infringement claims [may] assure that [a defendant's] literary work remains available to the public, thus furthering the goal of 'stimulat[ing] artistic creativity for the general public good' and perhaps 'lead to further creative pieces.'" See Scott v. Meyer, No. CV 09-6076 ODW (RZx), 2010 WL 2569286, at *3 (C.D. Cal. June 21, 2010) (final alteration in original) (citing Fantasy, Inc., 94 F.3d at 559) (finding that awarding fees to prevailing defendants would serve goals of deterrence and compensation). However, "it is not the purpose of the Copyright Act to deter litigants from bringing potentially meritorious claims, even though those claims may be ultimately unsuccessful." Muromura v. Rubin Postaer & Assocs., No. CV 12-09263 DDP (AGRx), 2015 WL 5456583, at *2 (C.D. Cal. Sept. 17, 2015) (alteration and internal quotation marks omitted) (quoting Minden Pictures, Inc. v. John Wiley & Sons, Inc., No. C-12-4601 EMC, 2014 WL 1724478 at *8 (N.D. Cal. Apr. 29, 2014)).

Defendants contend that awarding them attorneys' fees would deter other plaintiffs from filing frivolous or baseless lawsuits, and Film Defendants add that an award of attorneys' fees would "reward content creators and artists who defend against baseless claims, encouraging those parties to continue producing original works of authorship." (Macmillan's Mem. P. & A. at 9-10; Macmillan's Reply at 7-8; Film Defs.' Mem. P. & A. at 1-2, 10-11; Film Defs.' Reply at 10.)  Plaintiff counters that a fees award would be contrary to the Copyright Act's purposes because he advanced colorable claims.  (Opp'n to Film Defs.' Mot. at 1-2, 4-7, 14-15; Opp'n to Macmillan's Mot. at 1-2, 16-18.)  Plaintiff also argues that the Copyright Act's purposes would not be served because a fee award would impose an undue burden on him.  (Opp'n to Film Defs.' Mot. at 2, 7, 15-16; Opp'n to Macmillan's Mot. at 2, 17-18.) Plaintiff states that the revenues from his father's copyrights that he holds in trust were $19,348 in 2017. (Zindel Decl. ¶ 3.)

Defendants' successful defense of this lawsuit weighs to some extent in favor of awarding attorneys' fees, but this is undercut by the Court's findings that Plaintiff did not assert unreasonable or frivolous claims or pursue this action in bad faith.  See Segal, 2012 WL 13005531, at *3 ("Given that the Court finds that Plaintiff did not act in bad faith in bringing or pursuing this litigation, neither compensation nor deterrence weigh in favor of awarding fees."); cf. Shame On You Prods., 893 F.3d at 668 (general considerations of deterrence may support awarding fees against a party who litigated an objectively unreasonable claim or brought a claim in bad faith).

Furthermore, the Court may consider "whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff."  Ets-Hokin v. Skyy Spirits, Inc., 323 F.3d 763, 766 (9th Cir. 2003) (citing Fantasy, Inc., 94 F.3d at 559-60); see also King, 2017 WL 2620695, at *3 ("When looking at [the deterrance] factor in the context of a successful defendant, courts must be careful not to 'discourage "starving artists" from defending copyrights in original works due to the threat of attorney's fees.'" (quoting Brod v. Gen. Publ'g Grp., Inc., 32 F. App'x 231, 236 (9th Cir. 2002))).  Defendants challenge the sufficiency of Plaintiff's evidentiary showing of impecuniousness (Macmillan's Reply at 7; Film Defs.' Reply at 11-12), but they cannot dispute that Defendants include

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1435 PA (KSx) | Date | October 26, 2018 |
|---|---|---|---|
| Title | David Zindel v. Fox Searchlight Pictures, Inc., et al. | | |

large and successful film and publishing companies whereas Plaintiff is an individual responsible for a comparatively small trust. This also weighs against awarding attorneys' fees to Defendants. See Hall, 2018 WL 3203045, at *5.

### E. Attorneys' Fees Are Not Warranted In This Case

The degree of success that Defendants achieved is the only factor that weighs clearly in favor of awarding them attorneys' fees. All other factors either are on balance neutral or weigh against awarding fees. This includes the objective reasonableness of Plaintiff's claims, which factor is given substantial weight in accordance with Kirtsaeng. Taking into account all of the circumstances of the case and considering all of the relevant factors, the Court in its discretion declines to award attorneys' fees to Defendants. See Ets-Hokin, 323 F.3d at 766 (affirming denial of fees where the only factor weighing in the prevailing defendant's favor was the degree of success obtained); see also Schkeiban v. Cameron, No. CV 12-0636-R (MANx), 2012 WL 13012676, at *1 (C.D. Cal. Dec. 11, 2012) ("[I]t appears Plaintiff's action was based on an erroneous understanding of copyright protection and that obsessive conviction, so common among authors and composers, that all similarities between their works and any others which appear later must inevitably be ascribed to plagiarism. Given Plaintiff's lack of bad faith or frivolity, this is not the type of Plaintiff who should be discouraged from seeking protection of their copyrighted material under the Copyright Act." (citation and internal quotation marks omitted)).[1]

### Conclusion

For the foregoing reasons, the Court denies Film Defendants' Motion for Attorneys' Fees and Costs (Docket No. 71) and Macmillan's Motion for Attorneys' Fees (Docket No. 70).

IT IS SO ORDERED.

---

[1] Plaintiff's request that the Court defer ruling on Defendants' fee motions pending the resolution of Plaintiff's appeal is denied as moot.