**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID ZINDEL, as Trustee for the David Zindel Trust and the Lizabeth Zindel Trust,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>FOX SEARCHLIGHT PICTURES, INC., a Delaware corporation; et al.,<br><br>Defendants-Appellees. | No.   18-56087<br><br>D.C. No. 2:18-cv-01435-PA-KS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted December 9, 2019
Pasadena, California

Before: WARDLAW and LEE, Circuit Judges, and KENNELLY,[**] District Judge.

David Zindel, the son of author Paul Zindel, brought this action alleging copyright infringement of his father's play, *Let Me Hear You Whisper*, by Defendants' film and book, *The Shape of Water*. Zindel appeals the district court's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

Rule 12(b)(6) dismissal of his complaint on the ground that the film and book were not substantially similar to the play as a matter of law. As the facts of this case are known to the parties, we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's order de novo. *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1116 (9th Cir. 2018), *overruled on other grounds by Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1069 (9th Cir. 2020) (en banc). We reverse.

At the pleading stage, Zindel must plausibly allege substantial similarity between the two works. *Id.* at 1117–18. Although Zindel ultimately must satisfy both our extrinsic and intrinsic tests for substantial similarity, "[o]nly the extrinsic test's application may be decided . . . on a motion to dismiss." *Id.* Under the extrinsic test, the court looks to specific, "articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events," *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994) (citation omitted), to determine whether a defendant unlawfully copied enough protectable expressive elements to render the two works "substantially similar." *Rentmeester*, 883 F.3d at 1117.

While we cannot say that ruling as a matter of law at the pleading stage is never appropriate, we have long held that "[s]ummary judgment is 'not highly favored' on questions of substantial similarity." *L.A. Printex Indus., Inc. v.*

*Aeropostale, Inc.*, 676 F.3d 841, 848 (9th Cir. 2012) (citation omitted), *abrogated on other grounds as recognized by Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 959 F.3d 1194 (9th Cir. 2020). Courts must be just as cautious before dismissing a case for lack of substantial similarity on a motion to dismiss. Dismissal is warranted only if, "as a matter of law[,] the similarities between the two works are only in uncopyrightable material or are de minimis." 3 William F. Patry, Patry on Copyright § 9:86.50 (2020). It must be the case that reasonable minds could not differ on the issue of substantial similarity. *See L.A. Printex*, 676 F.3d at 848; *see also* 3 Patry on Copyright § 9:86:50; 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 12.10[B][3] (2019). The copyrighted and allegedly infringing works must be presented to the court, such that the works are "capable of examination and comparison." *Rentmeester*, 883 F.3d at 1123 (quoting *Christianson v. West Publishing Company*, 149 F.2d 202, 203 (9th Cir. 1945)); *see also Koala v. Khosla*, 931 F.3d 887, 894 (9th Cir. 2019) (stating we may review documents attached to or incorporated by reference in the complaint on a motion to dismiss). Finally, there must be no additional evidence that would be material to the question of substantial similarity. *Rentmeester*, 883 F.3d at 1123 (noting "[t]his is not a case in which discovery could shed light on any issues that actually matter to the outcome" before dismissing the complaint).

  Here, the district court erred by dismissing the action because, at this stage,

reasonable minds could differ on whether there is substantial similarity between *Let Me Hear You Whisper* and *The Shape of Water*. Though both works properly were presented to the district court, additional evidence, including expert testimony, would aid in the objective literary analysis needed to determine the extent and qualitative importance of the similarities that Zindel identified in the works' expressive elements, particularly the plausibly alleged shared plot sequence. *See, e.g.*, *Shaw v. Lindheim*, 919 F.2d 1353, 1358 (9th Cir. 1990) (finding substantial similarity in part because "the respective plots do parallel each other," as demonstrated by expert evidence "illustrat[ing] how the plots in both scripts share a common sequence and rhythm"), *overruled on other grounds by Skidmore*, 919 F.2d at 1066; *id.* at 1363 ("Even if a copied portion [of a work] be relatively small in proportion to the entire work, if qualitatively important, the finder of fact may properly find substantial similarity." (internal quotation marks omitted)). Additional evidence would also illuminate whether any similarities are mere unprotectable literary tropes or *scènes à faire*. *Cf. Smith v. Jackson*, 84 F.3d 1213, 1220 (9th Cir. 1996) (stating the district court properly relied on expert evidence to determine that allegedly copied song elements were unprotected *scènes à faire*), *overruled on other grounds by Skidmore*, 919 F.2d at 1066.

**REVERSED, REMANDED.**