DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER (State Bar No. 120162)
  kellisager@dwt.com
ERIC M. STAHL (State Bar No. 292637)
  ericstahl@dwt.com
SARAH BURNS (State Bar No. 324466)
  sarahburns@dwt.com
865 South Figueroa Street, 24th Floor
Los Angeles, CA 90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
MACMILLAN PUBLISHING GROUP, LLC
(incorrectly named as MacMillan Publishers,
Ltd.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ZINDEL, as Trustee for the David Zindel Trust and the Lizabeth Zindel Trust,<br><br>                    Plaintiff,<br><br>          vs.<br><br>FOX SEARCHLIGHT PICTURES, INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation; TSG ENTERTAINMENT FINANCE LLC, a Delaware limited liability company; MACMILLAN PUBLISHERS, LTD., a subsidiary of a German limited liability company; GUILLERMO DEL TORO, an individual; DANIEL KRAUS, an individual; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No. 2:18-cv-01435-PA-KS<br><br>**ANSWER OF DEFENDANT MACMILLAN PUBLISHING GROUP, LLC TO PLAINTIFF'S COMPLAINT FOR:**<br>**[1] COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101 ET SEQ.);**<br>**[2] CONTRIBUTORY COPYRIGHT INFRINGEMENT; and**<br>**[3] VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>Action Filed: February 21, 2018 |

Defendant Macmillan Publishing Group, LLC ("Macmillan"), incorrectly sued herein as Macmillan Publishers, Ltd., answering for itself and no others, in

1

response to the Complaint of plaintiff David Zindel ("Plaintiff"), admits, denies, and alleges as follows:[1]

### NATURE OF THE ACTION[2]

1.      Answering Paragraph 1, Macmillan responds that this paragraph does not contain any allegations regarding the novel "The Shape of Water" ("Book"), which was published by Macmillan, and refers instead only to the film "The Shape of Water" ("Film"), which Plaintiff alleges was created and distributed by co-defendants Fox Searchlight Pictures, Inc., Twentieth Century Fox Film Corporation, TSG Entertainment Finance LLC, Guillermo Del Toro and Daniel Kraus (collectively, "Film Defendants").  To the extent a response from Macmillan is required, Macmillan responds that the content of Paul Zindel's 1969 play *Let Me Hear You Whisper* (the "Play") speaks for itself, and is the best evidence of its content.  Macmillan further denies that the Film or the Book is substantially similar to the Play, and denies that either the Book or the Film copies the story, elements, characters, and themes of the Play.  The Play's content speaks for itself, and is the best evidence of its content.  To the extent a further response is required to Plaintiff's allegations regarding the Play's content, Macmillan admits that the Play refers to a "janitorial cleaning woman" who works at a facility that performs animal experiments, that she attempts to free a dolphin, and that at some point "romantic vintage music" is played; Macmillan otherwise denies the allegations regarding the Play's content, and further denies that these allegations describe protectable

---

[1] All allegations are denied unless expressly admitted.

[2] Macmillan includes the major headings from the Complaint in this Answer for ease of reference only.  To the extent any of the headings or sub-headings are deemed to contain factual allegations, Macmillan incorporates its responses to the allegations of related paragraphs in the Complaint, and unless expressly admitted, denies those factual allegations.

expression.  Except as set forth above, Macmillan denies each and every allegation in this paragraph.

2.      Answering Paragraph 2, Macmillan responds that this paragraph does not contain any allegations regarding the Book, and refers instead only to the Film. To the extent a response from Macmillan is required, Macmillan denies that either the Film or the Book incorporates any copyright protectable literary elements from the Play.  Macmillan admits that the Film received multiple award nominations, including a nomination for "Best Original Screenplay."  Macmillan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies each and every remaining allegation in this paragraph.

3.      Answering Paragraph 3, Macmillan responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies each and every allegation in this paragraph.

4.      Answering Paragraph 4, Macmillan responds that this paragraph does not contain any allegations specific to the Book, and contains allegations directed solely to Defendants other than Macmillan.  To the extent a response from Macmillan is required, Macmillan denies that the Play is "highly original" or "beloved"; denies that there are "glaring similarities" between the Play and the Film; denies that the Film or Book incorporate any copyright protectable literary elements from the Play; denies that either the Film or Book infringe the Play, knowingly or otherwise; and denies that the Film would not have "connected so profoundly with audiences and critics" absent the Play.  Macmillan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies each and every remaining allegation in this paragraph.

5.      Answering Paragraph 5, Macmillan responds that this paragraph does not contain any allegations specific to the Book, and contains allegations directed solely to Defendants other than Macmillan.  Macmillan further responds that this paragraph consists of argument and legal conclusions for which no response is required.  To the extent a response from Macmillan is required, Macmillan denies that either the Book or Film is derivative of the Play; denies that the Book or Film "exploit[ed]" Mr. Zindel or the Play; and denies that any of the Defendants were required to obtain a license from or credit Mr. Zindel for the Book or Film.  To the extent this paragraph alleges any further facts, Macmillan denies each and every remaining allegation in this paragraph.

## JURISDICTION AND VENUE

6.      Answering Paragraph 6, Macmillan admits that this is a civil action in which Plaintiff purports to allege claims under the United States Copyright Act, 17 U.S.C. § 101 *et seq.* (the "Copyright Act") and 28 U.S.C. § 2201 (the "Declaratory Judgment Act").  Macmillan denies that Plaintiff is entitled in any relief under either statute.

7.      Answering Paragraph 7, Macmillan admits that the Complaint purports to assert claims under the Copyright Act and the Declaratory Judgment Act, which are within the subject matter jurisdiction of this Court.  Macmillan denies that Plaintiff is entitled to any relief under either statute.

8.      Answering Paragraph 8, Macmillan admits that it does business in California and in this District.  Paragraph 8 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, Macmillan does not contest this Court's jurisdiction.

9.      Answering Paragraph 9, Macmillan responds that the allegations contain argument and/or legal conclusions to which no response is required, and allegations directed solely to Defendants other than Macmillan.  To the extent a response is required, Macmillan does not contest venue.

4

# PARTIES

10.     Answering Paragraph 10, Macmillan responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation in this paragraph.

11.     Answering Paragraph 11, Macmillan responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation in this paragraph.

12.     Answering Paragraph 12, Macmillan responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation in this paragraph.

13.     Answering Paragraph 13, Macmillan responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation in this paragraph.

14.     Answering Paragraph 14, Macmillan admits that it is a privately held publishing company and that its ultimate corporate parent entity is Georg von Holtzbrinck GmbH & Co. KG.  Macmillan further admits that its principal place of business is New York, NY, and that it does business in California and in this District.  Except as set forth above, Macmillan denies each and every allegation in this paragraph.

15.     Answering Paragraph 15, Macmillan responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation in this paragraph.

16. Answering Paragraph 16, Macmillan responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation in this paragraph.

17. Answering Paragraph 17, Macmillan responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation in this paragraph.

18. Answering Paragraph 18, Macmillan responds that this paragraph consists of argument and legal conclusion for which no response is required. To the extent this paragraph is found to allege any facts, Macmillan denies that it was the agent, partner, servant, employee or employer of each or any of the other Defendants, and denies that any other Defendant was the agent, partner, servant, employee or employer of Macmillan. Macmillan further denies that it was acting in the scope of employment by the other defendants. Macmillan further denies that it is jointly and severally liable for any damages in this case, and that Plaintiff has suffered compensable damage of any kind, in any amount. To the extent this paragraph alleges any other or further facts, Macmillan denies each and every remaining allegation in this paragraph.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

19. Answering Paragraph 19, Macmillan responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation in this paragraph.

20. Answering Paragraph 20, Macmillan responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation in this paragraph.

21.     Answering Paragraph 21, Macmillan responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation in this paragraph.

22.     Answering Paragraph 22, Macmillan responds that the Play's content speaks for itself, and is the best evidence of its content.  To the extent a further response is required to Plaintiff's allegations in this paragraph, Macmillan admits that the Play depicts a janitorial cleaning woman, Helen, who works the night shift at a facility that performs animal experiments, and that the facility has a dolphin that Helen attempts to free.  Macmillan otherwise denies the allegations regarding the Play's content, and denies that these allegations describe protectable expression. Except as set forth above, Macmillan denies each and every allegation in this paragraph.

23.     Answering Paragraph 23, Macmillan responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation in this paragraph.

24.     Answering Paragraph 24, Macmillan responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation in this paragraph.

25.     Answering Paragraph 25, Macmillan responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation in this paragraph.

26.     Answering Paragraph 26, Macmillan responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in this paragraph, and on that basis denies each and every allegation in this paragraph.

27.     Answering Paragraph 27, Macmillan responds that this paragraph consists of argument and legal conclusions for which no response is required.  To the extent a response from Macmillan is required, Macmillan responds that it is without knowledge or information sufficient to form a belief as to the truth of any factual allegation contained in this paragraph, and on that basis denies each and every allegation in this paragraph.

28.     Answering Paragraph 28, Macmillan admits that the Complaint contains a document attached as Exhibit A that purports to be a copyright registration for the 1969 version of the Play.  Macmillan is without knowledge or information sufficient to form a belief as to the authenticity of Exhibit A, the accuracy of the statements contained in it, or the truth of any allegations concerning Plaintiff's ownership of the copyright in the Play.  Macmillan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every such allegation in this paragraph.

29.     Answering Paragraph 29, Macmillan admits that the Complaint contains documents attached as Exhibit B and Exhibit C that purport to be renewal registrations for versions of the Play.  Macmillan is without knowledge or information sufficient to form a belief as to the authenticity of Exhibits B and C, the accuracy of the statements contained in them, or the truth of any allegations concerning the copyright in the Play.  Macmillan denies that it is accurate to describe the 1973 version of the Play, which is 34 pages long, as the "unabridged" version, since it was published after the original 7-page version, and therefore would be more accurately described as an "expanded" version.  Macmillan is without knowledge or information sufficient to form a belief as to the truth of the

1  remaining allegations contained in this paragraph, and on that basis denies each and
2  every such allegation in this paragraph.

3      30.    Answering Paragraph 30, Macmillan is without knowledge or
4  information sufficient to form a belief as to the truth of the allegations in this
5  paragraph and on that basis denies each and every allegation in this paragraph.

6      31.    Answering Paragraph 31, Macmillan responds that this paragraph does
7  not contain any allegations regarding the Book, and refers instead only to the Film.
8  To the extent a response from Macmillan is required, Macmillan denies that either
9  the Film or the Book tells a story that is "substantially similar," let alone identical,
10 to that of the Play.  The Film's content speaks for itself, and is the best evidence of
11 its content.  To the extent a further response is required to Plaintiff's allegations
12 regarding the Film's content, Macmillan admits that the Film's main character,
13 Elisa, works at a government laboratory that, among other things, conducts marine
14 experiments for sinister military purposes in the 1960s during the height of the Cold
15 War, and that Elisa discovers an aquatic creature in a glass tank, that she
16 communicates with the creature by teaching him sign-language, and that she begins
17 a relationship with the creature (which, unlike any depiction in the Play, is a
18 romantic and sexual relationship).  Macmillan further admits that Elisa hatches a
19 plan to sneak the creature out of the lab in a laundry cart and release him.
20 Macmillan otherwise denies the allegations regarding the Film's content, including,
21 specifically and without limitation, the allegation that it copies any protectable
22 expression from the Play.  Except as set forth above, Macmillan denies each and
23 every allegation in this paragraph.

24     32.    Answering Paragraph 32, Macmillan responds that this paragraph does
25 not contain any allegations regarding the Book, and contains allegations directed
26 solely to Defendants other than Macmillan.   To the extent a response from
27 Macmillan is required, Macmillan denies that there are "glaring similarities"
28 between the Play and the Book or Film, denies that the Film or Book is derivative

of the Play, and denies that any of the Defendants were required to obtain a license from or credit Mr. Zindel for the Book or Film.  Macmillan admits that the Film is credited as written by Defendant Del Toro and Vanessa Taylor, based on a story by Del Toro.  The remainder of this paragraph consists of argument and legal conclusions for which no response is required.  To the extent this paragraph alleges any other or further facts, Macmillan denies each and every remaining allegation in this paragraph.

33.    Answering Paragraph 33, Macmillan responds that this paragraph does not contain any allegations regarding the Book, and refers instead only to the Film.  Macmillan further responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent a response from Macmillan is required, Macmillan denies that either the Film or the Book infringed the Play's copyright, constituted a derivative work of the Play, or copied or incorporated any aspect of the Play.  Macmillan denies each and every other or further allegation in this paragraph to the extent it is directed to Macmillan.  Macmillan is without knowledge or information sufficient to form a belief as to the truth of each and every other or further allegation contained in this paragraph to the extent it is directed to Defendants other than Macmillan, and on that basis denies each and every such allegation.

34.    Answering Paragraph 34, Macmillan responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation in this paragraph.

35.    Answering Paragraph 35, Macmillan responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation in this paragraph.

36.     Answering Paragraph 36, Macmillan responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation in this paragraph

37.     Answering Paragraph 37, Macmillan responds that that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation in this paragraph.

38.     Answering Paragraph 38, Macmillan responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation in this paragraph.

39.     Answering Paragraph 39, Macmillan responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation in this paragraph.

40.     Answering Paragraph 40, Macmillan responds that this paragraph does not contain any allegations regarding the Book, and refers instead only to the Film. Macmillan further responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent a response from Macmillan is required, Macmillan denies that the Book and Film include any story, characters, themes or other elements of the Play, and denies that it violated Plaintiff's copyrights or other rights.  Macmillan further denies that it or its officers, agents, employees, licensees, assigns or persons acting in concert with them included protectable elements of the Play in the Book or Film, intentionally or otherwise.  Except as otherwise addressed, Macmillan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies each and every allegation in this paragraph.

41.     Answering Paragraph 41, Macmillan admits that it published the Book on or about March 6, 2018, under its imprint Feiwel & Friends.  Macmillan further admits that the Book was written by Del Toro and Kraus.  Macmillan denies that the Book contains material that is substantially similar to protectable elements of the Play, is derivative of the Play, or violates Plaintiff's copyrights or other rights in the Play.  Macmillan further responds that the Book differs in numerous respects from the Film.  Except as expressly admitted or denied, Macmillan denies the remaining allegations in this paragraph.

42.     Answering Paragraph 42, Macmillan responds that this paragraph does not contain any allegations specific to the Book.  Macmillan further responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent a response is required, Macmillan denies that either the Film or Book contains material that is substantially similar to protectable elements of the Play, and denies that the Film or Book were influenced by or used any of Zindel's literary work.  Macmillan further denies that it or anyone acting on its behalf included protectable elements of the Play's story, characters, themes or other original elements in the Book, intentionally or otherwise.  Macmillan denies all other or further allegations in this paragraph.

43.     Answering Paragraph 43, Macmillan responds that this paragraph does not contain any allegations regarding the Book.  Macmillan denies that the Film or Book contain material that is similar to protectable elements of the Play, and further denies that a list of random alleged similarities scattered throughout the works, even if accurate, can demonstrate substantial similarity.  Macmillan further responds that the content of each of the Play, the Book and the Film speaks for itself, and is the best evidence of each work's content.  Macmillan denies all other or further allegations in this paragraph, and incorporates the response in this paragraph into its response below to each of the similarities alleged by Plaintiff in the subparagraphs to Paragraph 43, and also responds to each subparagraph individually as follows:

ANSWER TO COMPLAINT
4817-3501-1015v.5 0086829-000058

A. Macmillan denies that the Play takes place during the 1960s; the Play does not identify a timeframe when it is taking place, and lacks any detail that would tie it to a specific time.  Macmillan admits that the Film takes place during the 1960s and the Book takes place in part during the 1960s (and at other times).  Macmillan admits that the Book and Film contain Cold War themes.  Macmillan denies that the decade in which the Play takes place is protectable by copyright.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

B. Macmillan denies that the Play is of the same genre as the Book and Film.  Macmillan admits that the Book and Film contain fantasy and science fiction themes.  Macmillan denies that the Play has significant fantasy and science fiction themes; to the extent the Play has any fantasy or science fiction elements at all, Macmillan denies that these elements are depicted in a manner that is similar to these elements in the Book and Film.  Macmillan admits that at a high level of abstraction, the Play, Book and Film each contain emotional human drama.  Macmillan denies that the human drama depicted in the Play is similar to the human drama depicted in the Book or the Film.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

C. Macmillan denies that the mood of the Book and the Film is similar to the mood of the Play.  Macmillan denies that the Play has a dreamlike or surreal quality.  Macmillan admits that the Film and Book each have sequences inside the main character's mind juxtaposed against real-world suspense, but denies that any similar sequences arise in or are depicted similarly in the Play.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

ANSWER TO COMPLAINT
4817-3501-1015v.5 0086829-000058

D.  Macmillan denies that the themes of the Book and the Film are similar to
those of the Play.  Macmillan admits that the Play could be understood as
involving a general theme of mankind's cruelty toward other living
creatures.  Macmillan denies that the Book and Film express that theme in
any manner similar to its depiction in the Play.  Macmillan further denies
that the Play has as a theme that love and empathy can lead to magical
discoveries.  Macmillan further responds that the Book/Film each also
contain additional themes not found in the Play.  Macmillan further denies
that the themes of the Play alleged in this subparagraph are protectable by
copyright.  Except as set forth above, Macmillan denies each and every
allegation in this subparagraph.

E.  Macmillan denies that the Book and Film are set in similar locales as the
Play.  Macmillan admits that both the Play and the Film take place in "a
metropolitan East Coast city," but denies that the City is the same; the
Play is set in New York City, and the Film takes place in Baltimore (as
does part of the Book, which also is set in numerous other locations).
Macmillan admits that the Play, Film and Book contain scenes located
near a body of water that flows into the ocean, but denies that this kind of
alleged similarity is protectable by copyright and denies that this setting is
depicted in the Play in the same manner as in the Film and the Book.
Except as set forth above, Macmillan denies each and every allegation in
this subparagraph.

F.  Macmillan denies that settings of the Book and Film are similar to the
setting of the Play.  Macmillan denies that the Play takes place in a
"secret" laboratory facility.  Macmillan admits that the Book and Film
depict laboratories (among many other settings), but Macmillan denies
that these laboratories are depicted in a manner that is similar to the
facility in the Play.  Macmillan denies that the similarities alleged in this

14

subparagraph are protectable by copyright.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

G. Macmillan denies the main character in the Book and Film is similar to the main character in the Play.  Macmillan admits that the Play, like the Film and Book, includes as a character an unmarried cleaning woman, but denies these characters are depicted in a similar manner.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Macmillan admits that the lead character in the Film and Book lives alone in an apartment.  Macmillan denies that the Play contains information about where the lead character lives.  Macmillan further denies that any of the characters in the Play are described in detail sufficient to be protected by copyright.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

H. Macmillan denies the main character in the Book and Film is similar to the main character in the Play.  Macmillan admits that the lead character in the Play, and the lead character in the Film and Book, both work as a janitor at a facility.  Macmillan denies that the depictions are similar, and denies that this kind of alleged similarity is the type protectable by copyright.  Macmillan further denies that any of the characters in the Play are described in detail sufficient to be protected by copyright.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

I. Macmillan denies that the setting in the Book and Film is similar to the setting of the Play.  Macmillan admits that scenes in the Play take place at night.  Macmillan admits that the Film and Book contain some scenes that take place at night, but denies those scenes are similar to any scene in the Play, and further responds that the Film and Book contain many scenes that do not take place in the laboratory, or at night.  Macmillan denies that

15

the similarities alleged in this subparagraph are protectable by copyright. Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

J.   Macmillan denies that the characters in the Book and Film are similar to the characters of the Play.  Macmillan admits the works contain the characters alleged in the subparagraph.  Macmillan denies that six central characters interact at the facility in the Play.  Macmillan further denies that each of the laboratory characters in the Play has a corresponding counterpart in the Book and Film, or vice versa.  Macmillan further denies that any of the characters in the Play are described in detail sufficient to be protected by copyright.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Except as set forth above, Macmillan denies each and every remaining allegation in this paragraph.

K.   Macmillan denies that the action in the Book or Film takes place in a location similar to that of the Play.  Macmillan admits that the action in the Play takes place in the locations identified in this subparagraph. Macmillan admits that some scenes in the Film and Book take place in the listed locations, but denies that the action or the locations is depicted in a manner similar to that of the Play.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

L.   Macmillan denies that the main character's work setting and activity in the Book and Film are similar to those of the main character in the Play. Macmillan admits the main character in the Play, like the main character in the Film and Book, begins her shift in a locker room at the facility where she hangs her coat and gathers her equipment.  Macmillan denies that the depictions are similar, except in generic ways that are common to

depictions of workplace facilities.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

M.  Macmillan denies that the co-worker character in the Book and Film is similar to the co-worker character in the Play.  Macmillan admits that in the Play, as in the Film, and Book, the main character has a coworker who chats with her.  Macmillan denies that this alleged similarity is protectable by copyright, and denies that the characters' depictions are similar.  Macmillan further denies that any of the characters in the Play are described in detail sufficient to be protected by copyright.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

N.  Macmillan denies that the dialogue and character from the Film described in this subparagraph are similar to the cited dialogue and character from the Play.  Macmillan admits that both Danielle and Zelda mention a husband, but denies that the discussion is similar.  Macmillan further denies that any of the characters in the Play are described in detail sufficient to be protected by copyright.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

O.  Macmillan denies that the janitorial women in the Book and Film are treated, or depicted, in a similar manner to the janitorial woman in the Play.  Macmillan further denies that any of the characters in the Play are described in detail sufficient to be protected by copyright.  Macmillan denies that the similarities alleged in this subparagraph are protectable by

17

copyright.  Macmillan denies each and every remaining allegation in this paragraph.

P. Macmillan denies that the Play's Moray is similar to the Fleming character in the Book and Film.  Macmillan denies that the Play depicts Moray in the manner alleged, and further responds that the Play offers scant detail about Moray's character or interior life.  Macmillan admits that Moray keeps a close eye on Helen in the Play, but denies that Fleming does so in the Film and Book.  Macmillan further denies that any of the characters in the Play are described in detail sufficient to be protected by copyright.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

Q. Macmillan denies that the Play's Moray is similar to the Fleming character in the Book and Film.  Macmillan further denies that any of the characters in the Play are described in detail sufficient to be protected by copyright.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Macmillan denies each and every remaining allegation in this paragraph.

R. Macmillan denies that the Elisa character in the Book and Film is similar to the Play's Helen.  Macmillan denies that the Play depicts Helen in the manner alleged, and further responds that the Play offers scant detail about Helen's character or interior life.  Macmillan further denies the alleged depiction of Elisa, and denies that she is depicted as similar to Helen.  Macmillan further denies that any of the characters in the Play are described in detail sufficient to be protected by copyright.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Macmillan denies each and every remaining allegation in this paragraph.

18

S.  Macmillan denies that the Elisa character in the Book and Film is similar to the Play's Helen, including as she allegedly is depicted in the NET Production.  Macmillan further denies that Plaintiff can claim infringement based on alleged similarities between either the Book or the Film and the NET Production.  Macmillan denies that the Play depicts Helen in the manner alleged, and responds that the Play offers scant detail about Helen's character or interior life.  Macmillan further denies the alleged depiction of Elisa, and denies that she is depicted as similar to Helen.  Macmillan further denies that any of the characters in the Play are described in detail sufficient to be protected by copyright.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Macmillan denies each and every remaining allegation in this paragraph.

T.  Macmillan denies that the creature in the Book and Film is similar to the creature in the Book.  Macmillan admits that in the Play a dolphin is kept in a tank in the facility.  Macmillan admits that an amphibian man is kept in a pool filled with water in a laboratory in the Book and Film. Macmillan denies that these depictions are similar.  Macmillan denies that the events alleged in this subparagraph are depicted in a similar manner. Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Macmillan denies each and every remaining allegation in this paragraph.

U.  Macmillan denies that the Book and Film have similar themes to the Play. Macmillan denies that muteness and communication are recurring themes in the Play.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Macmillan denies each and every remaining allegation in this paragraph.

ANSWER TO COMPLAINT
4817-3501-1015v.5 0086829-000058

V.   Macmillan denies that settings of the Book and Film are similar to the setting of the Play.  Macmillan admits that the facility in the Play, like the laboratory in the Book and Film, has a tank/pool where a creature is allowed to swim more freely.  Macmillan denies that this kind of alleged similarity is protectable by copyright, and denies that the depictions are similar.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

W.  Macmillan denies that the depictions alleged in this subparagraph are similar.  Macmillan admits that scientists in the Book and Film, like those in the Play, study a nonhuman creature for potential military application.  Macmillan denies that the activity is depicted in a similar manner.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

X.   Macmillan denies that the presentation of the scientists' treatment of the nonhuman creatures in the Book and Film is similar to that in the Play.  Macmillan admits that the creature in the Book and Film, as in the Play, is exploited.  Macmillan denies that the creature in the Book and Film is depicted as "innocent."  Macmillan denies that the activity is depicted in a similar manner.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

Y.   Macmillan denies that the lead doctor in the Book and Film is similar to the lead doctor in the Play.  Macmillan admits the characters referred to in this subparagraph exist, but denies that they are depicted in a similar manner.  Macmillan further denies that any of the characters in the Play are described in detail sufficient to be protected by copyright.  Macmillan denies that the similarities alleged in this subparagraph are protectable by

20

copyright.  Macmillan denies each and every remaining allegation in this paragraph.

Z.  Macmillan denies that the laboratory in the Book and Film is similar to the facility in the Play.  Macmillan admits that the laboratories in the Book and Film, like the facility in the Play, contain scientific tools and implements, of the sort one would expect to find in a laboratory.  Macmillan denies that the depictions are similar.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

AA.   Macmillan denies that the plot points referred to in this subparagraph are similar.  Macmillan admits that electrodes are used to control the dolphin in the Play.  Macmillan denies that electrodes are used to control the amphibian man in the Film and Book.  Macmillan denies that the allegedly similar equipment and lab work are depicted in a similar manner.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.   Macmillan denies each and every remaining allegation in this paragraph.

BB.   Macmillan denies that the scenes referred to in this subparagraph are similar.  Macmillan admits that in the Play, Crocus uses electrodes on the dolphin to test its emotional response.  Macmillan admits that, in the Film and Book, Strickland uses a cattle prod on the creature.  Macmillan denies that these scenes are similar or depicted in a similar manner.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

CC.   Macmillan denies that the depiction of the creature's ability to communicate in the Book and Film is similar to the depiction in the Play.

21

Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Macmillan denies each and every remaining allegation in this paragraph.

DD.   Macmillan admits that the word "worshipped" appears in the Play, Book and Film.  Macmillan denies that the use of the word "worshipped" in the Book and Film is similar to its use in the Play.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Macmillan denies each and every remaining allegation in this paragraph.

EE.   Macmillan denies that the motifs described in this subparagraph are similar.  Macmillan admits that both the laboratory in the Book and Film, and the facility in the Play, contain record players and scenes where a vintage song is played.  Macmillan denies that the scenes are depicted in a similar manner.  Macmillan admits that Elisa develops a close emotional relationship with the amphibian man, denies that Helen develops a close emotional relationship with the dolphin, and denies that the relationships are at all similar.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

FF.   Macmillan denies that the Play takes place during the 1960s; the Play does not identify the time period when it takes place, and lacks detail that tie it to a specific time.  Macmillan admits that the Film takes place during the 1960s, and that the Book takes place in the 1960s and other time periods.  Macmillan admits that the Play, like the Book and Film, contains songs from Hollywood musicals from the 1930s and 1940s, but denies that the songs are featured prominently in either work and denies that the depictions are similar.  Macmillan denies that the similarities alleged in

22

this subparagraph are protectable by copyright.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

GG.   Macmillan admits that the Play, like the Book and Film, contains songs from Hollywood musicals from the 1930s and 1940s, but denies that the use of the songs is depicted in a similar manner.  Macmillan denies that the music is used as a cue to transition between scenes and heighten the mood and emotional resonance in the Play.  Macmillan admits that the music functions this way in the Film and Book.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

HH.   Macmillan admits that the scenes described in this subparagraph occur in the works, but denies that the scenes referenced in this subparagraph are similar.  Macmillan denies that Helen bonds with the dolphin by scrubbing the floor to the rhythm of the music.  Macmillan further denies that the referenced scene in the Play is similar to scenes in the Film and Book where Elisa dances for the amphibian man, which are overtly romantic and at times sexual in tone.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Macmillan denies each and every remaining allegation in this paragraph.

II. Macmillan denies that the scene from the Play referenced in this paragraph, in which Helen scrubs the floor to music the scientists have left on, is similar to the referenced scene in the Film and Book, where Elisa plays music and dances romantically for the creature.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Macmillan denies each and every remaining allegation in this paragraph.

JJ. Macmillan admits that the scenes described in this subparagraph occur in the works, but deny that the scene from the Play, in which Helen on a whim one time tries to give the dolphin ham from her lunch, is similar to the scene in the Film and Book, where Elisa boils eggs specifically intending to give them to the amphibian man to gain his trust. Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright. Macmillan denies each and every remaining allegation in this paragraph.

KK.   Macmillan denies that the creature in the Book and Film, who communicates with sign language, makes similar sounds to the dolphin in the Play, which speaks a few words in English through its blowhole. Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright. Macmillan denies each and every remaining allegation in this paragraph.

LL.   Macmillan denies that scenes from the Play in which Helen platonically touches the creature is similar to the sexual contact between Elisa and the creature depicted in the Book and Film. Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright. Macmillan denies each and every remaining allegation in this paragraph.

MM.  Macmillan denies that Helen forms a deep loving bond with the creature in the Play. Macmillan admits that Elisa and the creature in the Film and Book form a deep loving bond, and denies that the bond is similar to any depiction found in the Play. Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright. Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

24

NN.   Macmillan admits that the dialogue quoted in this subparagraph exists in the works but denies that it is similar.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright. Macmillan denies each and every remaining allegation in this paragraph.

OO.   Macmillan denies that the creature in the Play professes his love for Helen; Macmillan admits that in the Play, the dolphin says the word "love," but it is spoken to an audience of scientists and is not directed to Helen or said as an expression of affection to anyone.  Macmillan admits that in the Book and Film, Elisa and the amphibian man develop a romantic and sexual relationship.  Macmillan denies that the relationship is similar to any depiction in the Play.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright. Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

PP.   Macmillan admits both works contain references to cats.  Macmillan denies that the references to a cat in the Book and Film, in which the escaped creature eats one of Giles' pet cats, is similar to the passing mention in the Play that a cat was once decapitated in an experiment. Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Macmillan denies each and every remaining allegation in this paragraph.

QQ.   Macmillan admits that the word "carnivores" appears in the Play, Book and Film.  Macmillan denies that the use of the word "carnivores" in the Book and Film is similar to its use in the Play.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright. Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

25

RR.   Macmillan denies that the story elements and references to "fingers" described in this subparagraph are similar.  Macmillan denies that the reference to "fingers" in the Film and Book, in which several of a character's fingers are severed, is similar to the Play's passing reference to a cookie called "lady fingers."  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Macmillan denies each and every remaining allegation in this paragraph.

SS.   Macmillan denies that the story elements referenced in this subparagraph are similar.  Macmillan admits that in both the Play, and the Book/Film, the main character learns that a creature will be killed.  Macmillan denies that these events are depicted in a similar way.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

TT.   Macmillan denies that the term "vivisection" or "vivisect" is a unique scientific term.  Macmillan further denies that the terms are used in a similar manner in the works, and denies that the use of those terms is an element subject to copyright protection or demonstrates that the works at issue are similar.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Macmillan denies each and every remaining allegation in this paragraph.

UU.   Macmillan denies that the story elements referenced in this subparagraph are substantially similar.  Macmillan admits that in both the Play, and the Book and Film, a character communicates the idea that vivisection will provide critical scientific knowledge.  Macmillan denies that these events are depicted in a similar way.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.

Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

VV.   Macmillan denies that the pacing of the Film, which unfolds over many years, or the Book, which covers a period of decades, is similar to that of the Play, which takes place, at most, over a few days or a week. Macmillan further denies that the works share a common "ticking clock" literary device.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Macmillan denies each and every remaining allegation in this paragraph.

WW. Macmillan denies that the scenes and dialogue referred to in this subparagraph are similar.  Macmillan admits the quoted language and events described in this subparagraph appear in the works.  Macmillan denies that the language is similar and denies that the depictions are similar or depicted in a similar manner.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright. Macmillan denies each and every remaining allegation in this paragraph.

XX.   Macmillan denies that the scenes referred to in this subparagraph are similar.  Macmillan admits the events described in this subparagraph appear in the works.  Macmillan denies that the events are similar or depicted in a similar manner.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright. Macmillan denies each and every remaining allegation in this paragraph.

YY.   Macmillan denies that the scenes referred to in this subparagraph are similar.  Macmillan admits the events described in this subparagraph appear in the works.  Macmillan denies that the events are similar or depicted in a similar manner.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright. Macmillan denies each and every remaining allegation in this paragraph.

ZZ.   Macmillan denies that the scenes and dialogue referred to in this subparagraph are similar.  Macmillan admits that the lead character in the Play begins an attempt to free a dolphin that is unsuccessful, and that the lead character in the Film and Book successfully frees the creature.  Macmillan denies that this plot line, or the phrase "to the sea," is protectable by copyright.  Macmillan further denies that the scenes are depicted in a similar manner.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

AAA. Macmillan denies that the plot points referred to in this subparagraph are similar.  Macmillan admits that in the Book and Film, Elisa uses a laundry cart to free the creature.  Macmillan denies that in the Play, Helen plans to hide the dolphin.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

BBB. Macmillan denies that the scenes referred to in this subparagraph are similar.  Macmillan admits that the scenes described in this subparagraph are depicted in the works, but denies that they are depicted in a similar manner.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

CCC. Macmillan denies that the scenes referred to in this subparagraph are similar.  Macmillan admits that the Book and Film, like the Play, depict a hypodermic syringe at some point.  Macmillan denies that the depictions are similar.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

DDD. Macmillan denies that the scenes referred to in this subparagraph are similar.  Macmillan denies that Helen, in the Play, tenderly embraces the

28

dolphin as she attempts to lift it out of the tank.  Macmillan admits that Elisa, in the Book and Film, embraces the creature, but denies the depiction is similar to any depiction in the Play.  Macmillan admits that the Play, Film and Book each at some point depict a curtain, but denies that the depiction is similar.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

EEE.  Macmillan denies that the characters and character traits described in this subparagraph are similar and denies that the allegations accurately describe the characters or their actions.  Macmillan denies that the dolphin in the Play "recognized" Helen, or that the Play described Helen as having been transformed.  Macmillan denies that Elisa is portrayed as shy and compliant at the beginning of the Film and Book.  Macmillan further denies that any of the characters in the Play are described in detail sufficient to be protected by copyright.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

FFF.  Macmillan denies that the scenes described in this subparagraph are similar, and denies that the subparagraph accurately describes these scenes.  Macmillan admits the Play contains one sequence that appears to be a product of Helen's imagination.  Macmillan admits that the Book and Film depict multiple underwater fantasy sequences.  Macmillan denies that these depictions are similar.  Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright.  Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

29

GGG. Macmillan denies that the "dramatic arc" of the works described in this subparagraph is similar, and denies that the subparagraph accurately describes the works' respective dramatic arcs. Macmillan further denies that the relationship between the characters described in this subparagraph is similar, and denies that the subparagraph accurately describes the relationships depicted in the works. Macmillan admits that Helen is told not to interact with the dolphin, and denies that music or food serves to bond Helen and the dolphin. Macmillan denies that Helen tenderly touches the dolphin, playfully glances at it, saves its life, or experiences love with the dolphin. Macmillan admits that Elisa's relationship with the amphibian man becomes progressively more intimate, that music and food serve to bond them, that Elisa tenderly touches the creature, that she and the amphibian man fall in love, and that the amphibian man's life is saved. Macmillan denies that the depictions above are similar. Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright. Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

HHH. Macmillan denies that the characters' transformations described in this subparagraph are similar, and denies that the subparagraph accurately describes the transformations depicted in the works. Macmillan denies that Helen forms a relationship with the dolphin or transforms in the manner alleged. Macmillan admits that Elisa and the creature appear to transform as a result of the relationship, but denies that the allegation accurately describes the transformation. Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright. Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

ANSWER TO COMPLAINT
4817-3501-1015v.5 0086829-000058

III. Macmillan denies that this subparagraph accurately describes the "message," theme or ending of the Play or the Book and Film. Macmillan denies that the message, theme and ending of the Book and Film are similar to those of the Play. Macmillan denies that the similarities alleged in this subparagraph are protectable by copyright. Except as set forth above, Macmillan denies each and every allegation in this subparagraph.

44. Answering Paragraph 44, Macmillan responds that this paragraph does not contain any allegations regarding the Book, and refers instead only to the Film. To the extent a response from Macmillan is required, Macmillan denies that either the Film or the Book incorporates any unusual elements from the Play. Macmillan further denies that the allegation accurately describes the contents of the Play, the Film or the Book. Macmillan further denies that the Play exerted any influence over the Film or Book, and denies that the Film and Book are derivative of the Play. Macmillan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies each and every remaining allegation in this paragraph.

45. Answering Paragraph 45, Macmillan responds that this paragraph does not contain any allegations regarding the Book, and refers instead only to the Film. To the extent a response from Macmillan is required, Macmillan denies that either the Film or the Book incorporates protectable elements from the NET Production of the Play, and denies that Plaintiff can claim infringement based on alleged similarities between either the Film or the Book and the NET Production. Macmillan admits that the lead character in the NET Production and the Film both wear green coats, and that both works contain sequences where a lead character dances with a mop. Macmillan denies that these elements are depicted in a similar manner, and denies that these elements are protected by copyright or that their use in the Film or Book constitutes infringement. Macmillan further responds that this paragraph consists of argument and legal conclusions for which no response is

required.  To the extent a response to these allegations is required, Macmillan

denies that the Film and Book contain protectable elements of the NET Production

of the Play, and further denies that inclusion of such content would "evidence that

one or more Defendants… had seen the NET Production."  Macmillan is without

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in this paragraph, and on that basis denies each and every remaining

allegation in this paragraph.

46.     Answering Paragraph 46, Macmillan responds that this paragraph does

not contain any allegations regarding the Book, and refers instead only to the Film.

To the extent a response from Macmillan is required, Macmillan responds that it is

without knowledge or information sufficient to form a belief as to the truth of the

allegations in this paragraph and on that basis denies, generally and specifically,

each and every such allegation.

47.     Answering Paragraph 47, Macmillan responds that this paragraph does

not contain any allegations regarding the Book, and refers instead only to the Film.

To the extent a response from Macmillan is required, Macmillan denies that the

creature from the Book and Film exhibits behavioral similarities to the dolphin in

the Play.  Macmillan admits the creature in the Book and Film is intelligent and

communicates with Elisa.  Macmillan denies that it is a "short walk" from the

dolphin to the very different creature depicted in the Book and Film, denies that the

allegations in this paragraph accurately describe the dolphin in the play, and denies

that the creature in the Book and Film, which is a mythical river-god, is similar to

the dolphin depicted in the Play.  Macmillan is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in this

paragraph, and on that basis denies each and every remaining allegation in this

paragraph.

48.     Answering Paragraph 48, Macmillan responds that this paragraph does

not contain any allegations regarding the Book, and refers instead only to the Film.

ANSWER TO COMPLAINT
4817-3501-1015v.5 0086829-000058

To the extent a response from Macmillan is required, Macmillan denies that the use of a curtain for its typical purpose, to conceal what is behind it, is subject to copyright protection.  Macmillan further denies that a claim of infringement can be based on elements of a draft of a work that are not used in the final version. Macmillan further denies that the allegations in this paragraph accurately describe any content of the Book.  Macmillan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies each and every remaining allegation in this paragraph.

49.     Answering Paragraph 49, Macmillan denies that the Book and Film are derivative of the Play and denies that the Book and Film infringed any copyright in the Play.  Macmillan admits it has published and distributed the Book.  Macmillan denies that the Book copied or exploited the Play and denies that it authorized others to copy or exploit the Play or any copyright owned by Plaintiff.  Macmillan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies each and every remaining allegation in this paragraph.

50.     Answering Paragraph 50, Macmillan responds that this paragraph consists of argument and legal conclusions for which no response is required.  To the extent a response is required, Macmillan denies each and every allegation in this paragraph.

51.     Answering Paragraph 51, Macmillan responds that this paragraph does not contain any allegations regarding the Book, and refers instead only to the Film. To the extent a response from Macmillan is required, Macmillan admits that the Film received critical praise and was nominated for numerous awards.  Macmillan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies each and every remaining allegation in this paragraph.

ANSWER TO COMPLAINT
4817-3501-1015v.5 0086829-000058

52.    Answering Paragraph 52, Macmillan responds that this paragraph does not contain any allegations regarding the Book, and refers instead only to the Film. To the extent a response from Macmillan is required, Macmillan responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every remaining allegation in this paragraph.

53.    Answering Paragraph 53, Macmillan responds that this paragraph does not contain any allegations regarding the Book, and refers instead only to the Film. To the extent a response from Macmillan is required, Macmillan denies that the Film and Book are an adaptation of the Play or contain material that is substantially similar to protectable elements of the Play, and denies that social media posts or online forums are evidence of substantial similarity. Macmillan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, including, specifically and without limitation, the accuracy of Plaintiff's reproduction of purported social posts and online forums, and on that basis denies each and every remaining allegation in this paragraph.

54.    Answering Paragraph 54, Macmillan responds that this paragraph does not contain any allegations regarding the Book, and refers instead only to the Film. To the extent a response from Macmillan is required, Macmillan denies that the popularity of the Film or Book is attributable to story, elements, characters or themes authored by Zindel. Macmillan further denies that the Book and Film "exploited" the Play, are derived from the Play, or infringed any copyright in the Play. Macmillan further denies that it obtained any income, gains, profits, or reputational advantages as a result of any wrongful conduct. Macmillan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies each and every remaining allegation in this paragraph.

34

# FIRST CLAIM FOR RELIEF

55.    Answering Paragraph 55, Macmillan incorporates its responses to the allegations contained in the preceding paragraphs as if fully set forth here.

56.    Answering Paragraph 56, Macmillan responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent a response is required, Macmillan denies each and every allegation in this paragraph.

57.    Answering Paragraph 57, Macmillan responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent a response is required, Macmillan is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis, denies each and every allegation in this paragraph.

58.    Answering Paragraph 58, Macmillan admits that the Complaint contains a document attached as Exhibit B that purports to be an application filed with the Copyright Office on February 16, 2018 for a renewal registration in a version of the Play.  Macmillan is without knowledge or information sufficient to form a belief as to the authenticity of Exhibit B or the accuracy of statements contained in it, and on that basis denies the allegations.  Macmillan admits that the Complaint contains a document attached as Exhibit C that purports to be a copyright registration for the 1969 version of the Play.  Macmillan is without knowledge or information sufficient to form a belief as to the authenticity of Exhibit C or the accuracy of the statements contained in it, and on that basis denies the allegations.  Macmillan is without knowledge or information sufficient to form a belief as to the truth of any allegations concerning Plaintiff's status as trustee, and on that basis denies the allegations.  Except as otherwise admitted or denied, Macmillan denies each and every remaining allegation in this paragraph.

59.    Answering Paragraph 59, Macmillan responds that this paragraph does not contain any allegations regarding the Book, and refers instead only to the Film.

Macmillan further responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent a response from Macmillan is required, Macmillan denies each and every allegation in this paragraph.

60.    Answering Paragraph 60, Macmillan responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent a response is required, Macmillan denies each and every allegation in this paragraph.

61.    Answering Paragraph 61, Macmillan responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent a response is required, Macmillan denies each and every allegation in this paragraph.

62.    Answering Paragraph 62, Macmillan responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent a response is required, Macmillan denies each and every allegation in this paragraph and denies that Plaintiff is entitled to any injunctive relief.

63.    Answering Paragraph 63, Macmillan responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent a response is required, Macmillan denies each and every allegation in this paragraph and denies that Plaintiff is entitled to any injunctive relief.

64.    Answering Paragraph 64, Macmillan responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent a response is required, Macmillan denies each and every allegation in this paragraph, including, specifically and without limitation, the allegation that Plaintiff suffered any compensable damage as a result of Macmillan's conduct.

65.    Answering Paragraph 65, Macmillan responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the

ANSWER TO COMPLAINT
4817-3501-1015v.5 0086829-000058

extent a response is required, Macmillan denies each and every allegation in this paragraph and denies that Plaintiff is entitled to attorneys' fees and full costs.

## SECOND CLAIM FOR RELIEF

66.    Answering Paragraph 66, Macmillan incorporates its responses to the allegations contained in the preceding paragraphs as if fully set forth here.

67.    Answering Paragraph 67, Macmillan responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent a response is required, Macmillan denies each and every allegation in this paragraph, including, specifically and without limitation, that it knew or had reason to know of any other parties' allegedly infringing conduct.

68.    Answering Paragraph 68, Macmillan responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent a response is required, Macmillan denies each and every allegation in this paragraph.

69.    Answering Paragraph 69, Macmillan responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent a response is required, Macmillan denies each and every allegation in this paragraph and denies that Plaintiff is entitled to any injunctive relief.

70.    Answering Paragraph 70, Macmillan responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent a response is required, Macmillan denies each and every allegation in this paragraph and denies that Plaintiff is entitled to any injunctive relief.

71.    Answering Paragraph 71, Macmillan responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent a response is required, Macmillan denies each and every allegation in this paragraph, including, specifically and without limitation, the allegation that Plaintiff suffered any compensable damage as a result of Macmillan's conduct.

37

72.     Answering Paragraph 72, Macmillan responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent a response is required, Macmillan denies each and every allegation in this paragraph and denies that Plaintiff is entitled to attorneys' fees and full costs.

**THIRD CLAIM FOR RELIEF**

73.     Answering Paragraph 73, Macmillan incorporates its responses to the allegations contained in the preceding paragraphs as if fully set forth here.

74.     Answering Paragraph 74, Macmillan responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent a response is required, Macmillan denies each and every allegation in this paragraph, including, specifically and without limitation, that it infringed any copyright owned by Plaintiff and that it supervised anyone else's allegedly infringing conduct.

75.     Answering Paragraph 75, Macmillan responds that this paragraph consists of argument and legal conclusions for which no response is required.  To the extent a response is required, Macmillan denies each and every allegation in this paragraph, including, specifically and without limitation, that it possessed a direct financial interest in the infringing conduct of another party.

76.     Answering Paragraph 76, Macmillan responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent a response is required, Macmillan denies each and every allegation in this paragraph.

77.     Answering Paragraph 77, Macmillan responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent a response is required, Macmillan denies each and every allegation in this paragraph and denies that Plaintiff is entitled to any injunctive relief.

78.     Answering Paragraph 78, Macmillan responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the

38

extent a response is required, Macmillan denies each and every allegation in this paragraph and denies that Plaintiff is entitled to any injunctive relief.

79.   Answering Paragraph 79, Macmillan responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent a response is required, Macmillan denies each and every allegation in this paragraph, including, specifically and without limitation, the allegation that Plaintiff suffered any compensable damage as a result of Macmillan's conduct.

80.   Answering Paragraph 80, Macmillan responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent a response is required, Macmillan denies each and every allegation in this paragraph and denies that Plaintiff is entitled to attorneys' fees and full costs.

## PRAYER FOR RELIEF

Macmillan denies that Plaintiff is entitled to any relief, including without limitation the remedies identified in Paragraphs 1-18 of their Prayer for Relief.

## SEPARATE AND ADDITIONAL DEFENSES

Macmillan alleges the following separate and additional defenses.  By alleging these separate and additional defenses, Macmillan is not in any way agreeing or conceding that it bears the burden of proof or persuasion on any of these issues.  Macmillan reserves the right to supplement, amend, or modify these separate and additional defenses, as appropriate, based on information obtained during the course of this litigation.

## FIRST SEPARATE AND ADDITIONAL DEFENSE

1.   The Complaint, and each of its claims for relief, fails to state a claim against Macmillan upon which relief can be granted.

39

## SECOND SEPARATE AND ADDITIONAL DEFENSE

2.     Plaintiff's claims are barred, in whole or in part, to the extent any copyright registration asserted by Plaintiff for the Play is invalid, unenforceable, or does not cover the Play that is the subject of Plaintiff's claims.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

3.     Plaintiff's claims are barred to the extent Plaintiff does not own the copyright in the Play and thus lacks standing to sue.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

4.     Plaintiff's claims are barred, in whole or in part, because the elements of the Book[3] that Plaintiff allege were copied are not protectable.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

5.     Plaintiff's claims are barred, in whole or in part, because the elements of the Book that Plaintiff allege were copied are scenes á faire that flow naturally from unprotectable ideas.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

6.     Plaintiff's claims are barred, in whole or in part, because the elements of the Book that Plaintiff allege were copied are not substantially similar to any elements of the Play.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

7.     Plaintiff's claims are barred, in whole or in part, because if Macmillan used any material from the Play, which Macmillan denies, that material is in the public domain, and therefore is not subject to copyright protection.

---

[3] Macmillan did not create or distribute the Film, and is not responsible for its contents.  The affirmative defenses set forth here, however, are equally applicable to the Film, and to the extent Plaintiff attempts to assert any liability against Macmillan based on the Film, its affirmative defenses are asserted with respect to the Film as well.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

8.      Plaintiff's claims are barred, in whole or in part, to the extent they are based on works other than a work in which Plaintiff owns the copyright.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

9.      Plaintiff's claims are barred, in whole or in part, because the Book was created independently, without the use of the Play.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

10.      Without in any way admitting that any of Defendants' conduct was unlawful or wrongful or that Plaintiff was in any way damaged by any conduct attributed to Defendants, or any of them, Plaintiff is barred from recovery because Macmillan acquired the right to publish the Book in good faith, for value, and without knowledge or notice of any adverse interest of any other person or entity.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

11.      Plaintiff's claims are barred, in whole or in part, because he cannot prove that he has suffered any compensable damage as a result of any wrongful conduct attributable to Macmillan.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

12.      Plaintiff's claims are barred, in whole or in part, because Macmillan's conduct was reasonable, legally justified, in good faith, and/or privileged and cannot give rise to any liability on its part.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

13.      Plaintiff's claims are barred, in whole or in part, because Macmillan has not acted with the requisite degree of knowledge, intent or fault.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

14.      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

ANSWER TO COMPLAINT
4817-3501-1015v.5 0086829-000058

### FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

15.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

16.    Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, res judicata, ratification and acquiescence.

### SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

17.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

18.    Plaintiff's claims are barred, in whole or in part, by the doctrine of mistake.

### NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

19.    Plaintiff's claims are barred, in whole or in part, because he failed to take reasonable steps to mitigate his damages, if any, and his recovery must be barred or diminished accordingly.

### TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

20.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations set forth at 17 U.S.C. § 507(b).

### TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

21.    To the extent that any loss, injury or damage occurred as Plaintiff alleged, which Macmillan denies, such loss, injury or damage was proximately caused and contributed to by persons other than Macmillan.  Such other causation was an intervening and superseding cause of the purported loss, injury or damage of which Plaintiff complains.

### TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

22.    Plaintiff's claims are barred, in whole or in part, because his damages, if any, are vague, uncertain, imaginary, and speculative.

42

### TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

23.     Plaintiff's claims are barred, in whole or in part, because any award of damages would unjustly enrich Plaintiff.

### TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

24.     Plaintiff's copyright infringement claim is barred, in whole or in part, by the doctrine of fair use under 17 U.S.C. § 107.

### TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

25.     To the extent that any unauthorized use of any protectable copyrighted material allegedly has occurred, which Macmillan denies, Plaintiff's claims and/or requests for relief are barred, in whole or in part, because such infringement was not willful.

### TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

26.     To the extent that any unauthorized use of any protectable copyrighted material allegedly has occurred, which Macmillan denies, Plaintiff's claims are barred, in whole or in part, because such infringements were innocent and non-willful.

### TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

27.     Plaintiff's request for injunctive relief is barred, in whole or in part, because Plaintiff has not suffered and will not suffer any irreparable harm or damage if an injunction does not issue.

### TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

28.     Plaintiff's request for injunctive relief is barred, in whole or in part, because he cannot demonstrate that he has no adequate remedy at law.

### TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

29.     With respect to the injunctive relief sought by Plaintiff, such relief is barred because the injunction sought would harm third parties and would not be in the public interest.

ANSWER TO COMPLAINT
4817-3501-1015v.5 0086829-000058

## THIRTIETH SEPARATE AND ADDITIONAL DEFENSE

30.    With respect to the injunctive relief sought by Plaintiff, such relief is barred because it is overbroad.

## THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

31.    If Plaintiff is entitled to any relief, which Macmillan denies, Plaintiff is not entitled to attorneys' fees or statutory damages to the extent the copyright in the allegedly infringed work was not timely registered as required to obtain these remedies under 17 U.S.C. § 412.

## THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

32.    Macmillan has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available to it.  Macmillan reserves the right to assert additional separate defenses in the event discovery indicates that such defenses would be appropriate.

## MACMILLAN'S PRAYER FOR RELIEF

THEREFORE, Macmillan prays for judgment as follows:

1.    That Plaintiff takes nothing by this action;

2.    That judgment be entered in favor of Macmillan and against Plaintiff;

3.    That Macmillan recover its costs and attorneys' fees; and

4.    For such relief as the Court deems just and proper.

DATED: August 21, 2020

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
ERIC M. STAHL
SARAH BURNS

By: */s/Kelli L. Sager*
Kelli L. Sager

Attorneys for Defendant
MACMILLAN PUBLISHING GROUP,
LLC (incorrectly named as MacMillan
Publishers, Ltd.)

44